UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GOTSPACE DEVELOPMENT LLC,<br>      Plaintiff,<br><br>v.<br><br>SFBC, LLC, et al.,<br>      Defendants. | : : : : : : : : : | C.A. No. 23-420WES |
| GOTSPACE SPRINGFIELD EQUITY<br>FUND 1, LLC,<br>      Plaintiff,<br><br>v.<br><br>ROBERT KUSHNER, et al.,<br>      Defendants. | : : : : : : : : : : | C.A. No. 23-422WES |

**SUA SPONTE REPORT AND RECOMMENDATION TO REMAND CASES TO MASSACHUSETTS STATE COURT AND ORDER TO SHOW CAUSE WHY SANCTIONS AND INJUNCTION SHOULD NOT BE ORDERED**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

By removal notices invoking 28 U.S.C. §§ 1441 and 1443 filed on October 12 and 13, 2023, these two cases[1] have supposedly been removed to this Court from the Massachusetts Superior Courts in Worcester and Hampden by non-party Nicholas Fiorillo. Mr. Fiorillo is a *pro se* litigant who purports to act on behalf of the entity plaintiff in each case based on his claim that he is "Manager of Membership Interest" of Plaintiff Gotspace Development LLC ("GD") in 23-

---

[1] The case designated in this Court as 23-cv-420WES has been pending in the Worcester County Superior Court of the Commonwealth of Massachusetts since April 2022. ECF No. 1-1. In that court, it is captioned as Gotspace Development LLC v. SFBC, LLC, and is designated as 2285CV0445D. Id. The case designated in this Court as 23-cv-422WES has been pending in the Hampden County Superior Court of the Commonwealth of Massachusetts since April 2022. ECF No. 1-2 at 1. In that court, it is captioned as Gotspace Springfield Equity Fund 1, LLC v. Robert Kushner and is designated as 22CV0240. Id. at 1-1 at 14.

cv-420 and of Plaintiff Gotspace Springfield Equity Fund LLC ("GSEF") in 23-cv-422. Having reviewed the notices of removal and the accompanying state court pleadings, I make the *sua sponte* findings that Mr. Fiorillo lacks standing to remove these cases, that this Court lacks subject matter jurisdiction and is the improper venue and that the removal is untimely; therefore, I make the *sua sponte* recommendation[2] that the Court order that these cases be remanded forthwith. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Pineiro v. Oriental Grp., 734 F. Supp. 2d 239, 242 (D.P.R. 2010) (prior to expiration of the thirty-day time period for motion to remand in 28 U.S.C. § 1447(c), court may *sua sponte* remand based on procedural defects). Because of the egregiousness of Mr. Fiorillo's conduct in these cases and others, pursuant to the Court's inherent power, I order that Mr. Fiorillo must show cause in writing why his conduct in removing these cases and others to this Court should not be sanctioned and why he should not be enjoined from continuing such conduct.

**I.      Background**

The underlying state court cases were filed by an attorney acting on behalf of Plaintiffs GD and GSEF in the Massachusetts Superior Courts for Worcester and Hampden respectively in April 2022. On the face of each complaint, both cases are based on Massachusetts state law (breach of contract, breach of the covenant of good faith and fair dealing, fraud in the inducement, misrepresentation/promissory estoppel and violation of Mass. Gen. Laws ch. 93A). Diversity of citizenship for purposes of 28 U.S.C. § 1332(a) is missing for both cases in that Mr.

---

[2] As with the other cases improperly removed by Mr. Fiorillo despite the lack of subject matter jurisdiction, I am issuing a report and recommendation. See BSI 254 Westfield, LLC v. Nicholas Fiorillo, C.A. No. 23-363WES, 2023 WL 6532639, at *1 n.1 (D.R.I. Oct. 6, 2023); Delpidio v. Fiorillo, C.A. No. 23-349WES, 2023 WL 6632965, at *1 n.1 (D.R.I. Oct. 12, 2023).

Fiorillo, a presumptive citizen of Massachusetts, is a member in both Plaintiffs (GD and GSFC), making both citizens of Massachusetts, as is (presumptively) at least one defendant in each case. 23-cv-420WES ECF No. 1-1 at 5 ¶ 4(defendant Gelinas resides and works in Massachusetts); 23-cv-422WES ECF No. 1-1 at 4 ¶ 3 (defendant Kushner is resident of Massachusetts). Mr. Fiorillo is not a party. There are no claims arising from the Constitution, laws or treaties of the United States. Neither the pleadings nor the removal notices contain any claims of race discrimination or allegations that Mr. Fiorillo is a government official compelled by state law or state action to violate federal civil rights.

On July 5, 2023, a judge in the District of Massachusetts issued an injunction, enjoining Mr. Fiorillo from maintaining <u>any</u> removed action whether *pro se* or through counsel until he had paid in full a 28 U.S.C. § 1447(c) award of $6,150.09 and the filing fee in another case. <u>Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio</u>, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *1 & n.1, 2-3 (D. Mass. July 5, 2023) (listing thirteen failed attempts by Mr. Fiorillo to remove cases to District of Massachusetts; awarding § 1447(c) fees and costs and entering injunction to "curb [Mr. Fiorillo's] vexatious or abusive litigation conduct"), <u>aff'd</u>, No. 23-1583 (1st Cir. July 18, 2023). Further, prior to the filing of the removal notice in this case, Mr. Fiorillo was cautioned by this Court that venue does not lie in the District of Rhode Island for cases removed from state courts in Massachusetts:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

3

Delpidio v. Fiorillo, 23-cv-349WES, Text Order (D.R.I. Aug. 29, 2023). Following the entry of this text order, Mr. Fiorillo ignored the Court's caution and continued removing cases to the District of Rhode Island from various Massachusetts state courts, including these two cases.

## II.    Applicable Law and Analysis

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-63 (1992). Based on this bedrock principle, these cases cannot proceed in this Court because the removal notices were filed by Mr. Fiorillo who is not a party. Nor can Mr. Fiorillo, as a *pro se* litigant, sign the removal notices on behalf of GD and GSEF, which are entities.[3] In addition, the removal is defective because 28 U.S.C. § 1441 and § 1443 both permit removal only by the defendant or defendants and Mr. Fiorillo's supposed interest in the case is on the side of each Plaintiff; he is not even arguably aligned as a defendant. See Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989) ("§ 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them"); Brown v. Wall, C.A. No. 06-07T, 2007 WL 2317417, at *2 (D.R.I. Aug. 8, 2007) ("under 28 U.S.C. § 1441(a) a plaintiff may not remove to federal court[;] only a defendant may do so") (alteration in original) (internal quotation marks omitted); 28 U.S.C. § 1443 ("[a]ny of the following civil actions . . . commenced in a State court may be removed by the defendant") (emphasis added). Based on Mr. Fiorillo's lack of standing to

---

[3] As a *pro se* individual, Mr. Fiorillo can act for himself, but is barred from acting in a representative capacity for Plaintiffs GD and GSEF. See DRI LR Gen 205(a); e.g., Carr v. Barton Gilman, LLP, No. CV 23-00369-WES, 2023 WL 5929771, at *1 (D.R.I. Sept. 12, 2023) (based on DRI LR Gen 205(a), *pro se* plaintiff is ineligible to represent business he owns as sole proprietor); W. Rsrv. Life Assurance Co. of Ohio v. Caramadre, No. CV 09-470 WES, 2020 WL 5665139, at *2 (D.R.I. Sept. 23, 2020) (per DRI LR Gen 205(a)(3), limited liability company may not represent itself *pro se,* nor may its claims be asserted by disbarred attorney); Beaudreault v. ADF, Inc., 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (limited liability company must be represented by attorney; it may not appear *pro se*).

remove, I make the *sua sponte* recommendation that the Court order that this case be remanded forthwith.

The other threshold question that must be considered for every removed case is whether there is federal subject matter jurisdiction. Rhode Island v. Smart Green Solar, LLC, C.A. No. 23-298-JJM-LDA, 2023 WL 6276571, at *1 (D.R.I. Sept. 26, 2023). If a party with standing sought to remove these cases, they would be promptly remanded for lack of subject matter jurisdiction in that both diversity and federal question jurisdiction are unavailing (preventing removal pursuant to 28 U.S.C. § 1441) and neither the removal notice nor either of the pleadings alleges establishes racial equality allegations or that either case somehow implicates Mr. Fiorillo's role as a federal or state officer or a person assisting such officers (preventing removal pursuant to 28 U.S.C. § 1443). Further, removal venue is strictly limited to the federal district court (and, if applicable, the division of that court) where the state court case was pending. 28 U.S.C. §§ 1441, 1446. Because this Court is not the proper venue, it could not entertain these cases; if removed by a defendant with standing, these cases would be summarily remanded based on the improper venue. Delpidio v. Fiorillo, C.A. No. 23-349WES, 2023 WL 6632965, at *5 (D.R.I. Oct. 12, 2023). And, with these cases pending in state court since April 2022, such a hypothetical removal would also be untimely.

A coda: in determining the timing of certification of the remand order, the Court must be mindful of the statutory provision making an order remanding a §1443 removal appealable. BP p.l.c. v. Baltimore, __ U.S. __, 141 S. Ct. 1532, 1542-43 (2021) (pursuant to § 1446(d), remand of case removed pursuant to § 1443 is appealable). Our Circuit has held that a "district court may wish to avoid immediately certifying the remand order . . . [to] give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and

request a stay from the court of appeals." Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021). With the removal notice brought by a non-party without standing and no subject matter jurisdiction, I do not recommend that the Court follow this procedure. Based on all of the circumstances set forth above, I find that no delay is necessary and that the interests of justice require an immediate remand with no further delay and interference with the state court proceedings.

In light of the foregoing, there is no need for the Court to go further. I *sua sponte* recommend that the Court order that these cases both be remanded forthwith to the respective Massachusetts Superior Courts (Worcester and Hampden) for further proceedings.

**III.     Show Cause Regarding Sanctions and Injunction**

The district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection." Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted); see F.A.C., Inc. v. Cooperativa De Seguros De Vida De P.R., 563 F.3d 1, 6 (1st Cir. 2009). A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior." Tobias v. Smith, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023). Courts can sanction *pro se* litigants. Siri v. Town of Hingham, __ F. Supp. 3d __, C. A. No. 21-40138-TSH, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (*pro se* plaintiffs are subject to sanctions, court must consider party's sophistication and experience, or lack thereof, when determining nature and severity of sanctions); Yates v. U.S. Pat. & Trademark Off., No. 5:19CV2350, 2020 WL 709282, at *2 (N.D. Ohio Feb. 12, 2020) (*pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases); Bradley v. Wallrad, No. 1:06CV246, 2006 WL

6

1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (*pro se* has "'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'"). Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest.  Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (judge's time "is the most expensive resource in the courthouse" and "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it") (internal quotation marks omitted), appeal dismissed, Nos. 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct, 22, 2018).  The court has the authority to impose sanctions *sua sponte*, provided that the litigant must be afforded notice and an opportunity to be heard before sanctions are imposed.  United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013).  The Supreme Court has specifically counseled that the remedy for a frivolous assertion that § 1443 applies is sanctions.  BP p.l.c., 141 S. Ct. at 1542-43.

      In seeking to remove these cases and others to the District of Rhode Island, Mr. Fiorillo has engaged in the following conduct.  First, he has filed removal notices for cases in which he is not a party and acted in defiance of this Court's caution that venue in this District does not lie for removal of a state court case pending in the Commonwealth of Massachusetts.  Further, Mr. Fiorillo has burdened this Court with at least nine other purported removals, almost all of which appear to be without subject matter jurisdiction, many of which appear to be in defiance of remand orders issued in the District of Massachusetts.  Further, at least eleven times, Mr. Fiorillo has purported to file matters that have required review by the Clerk's office and (as to some) have been reviewed by a judicial officer and returned to him for failure to comply with 28 U.S.C. § 1446(a), all imposing additional burden on this Court.  Finally, some or all of Mr. Fiorillo's

filings in this Court, including these cases, appear to be in defiance of the injunction entered in Raymond C. Green, Inc., 2023 WL 4347330, at *3.

Mindful of Mr. Fiorillo's right to notice and an opportunity to be heard before imposing inherent-power sanctions or enjoining further frivolous filings, the Court hereby orders that Mr. Fiorillo must show cause in writing why the conduct in removing these cases to this Court and the other conduct described above should not be sanctioned pursuant to the Court's inherent power and why he should not be enjoined from continuing the conduct described above in these and other cases. Further, because it is focused on Mr. Fiorillo's conduct and its impact on this Court, this show cause will proceed separately from the remand of this case and is the subject of a separate text order that is issuing today. Therefore, even after this case is summarily remanded, as I am recommending, the show cause proceedings shall continue.

## IV.   Conclusion

Based on the foregoing, I *sua sponte* recommend that these cases be summarily remanded to the respective Massachusetts Superior Courts (Worcester and Hampden) for further proceedings. Pursuant to 28 U.S.C. § 1447(c), I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In addition to the foregoing, as memorialized in the text orders and hearing notices that are issuing today in each case, Mr. Fiorillo is ordered to show cause in writing filed on or before November 3, 2023, why his conduct in removing these cases to this Court and as further described in this decision should not be sanctioned pursuant to the Court's inherent power and why he should not be enjoined from continuing such conduct. On November 13, 2023, at 10 a.m., the Court will conduct an in-person hearing to consider these issues at which Mr. Fiorillo is ordered to appear.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2023